[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO MODIFY ALIMONY AND SUPPORT, CODED 183
The plaintiff seeks to modify the alimony order and the support order entered by the court when the marriage between the parties was dissolved on January 5, 2001. Many of the facts that give rise to this motion are not in dispute. The parties submitted to the court a separation agreement dated January 5, 2001, which the court approved of and incorporated by reference into the judgment.
 ALIMONY MODIFICATION
Paragraph 4.1 of the agreement required the defendant to pay to the plaintiff the sum of $1800 per month alimony until July 31, 2008, the wife's death, remarriage, or cohabitation with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the wife's financial needs, whichever first occurs. Article 4.2 provided that each party shall be entitled to earn up to $25,000 per year in excess of his/her current earnings/base salary (exclusive of bonuses, stock options, dividends and interest) without said earnings being considered by the court or otherwise as a basis for a modification of alimony by either the husband or the wife.
The threshold issue regarding the plaintiff's motion to modify alimony is whether there has been a substantial change in circumstances since the entry of the decree. Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony are relevant to the question of modification.
In the calendar year 2002, the defendant had gross income of approximately $210,000 excluding income that he received from the exercise of stock options that he acquired as part of the divorce. The $210,000 CT Page 2514 consisted of the following: (a) base salary of approximately $128,000; (b) $41,700 bonus income; and (c) approximately $39,245.78 from the exercise of stock options that were granted after the divorce. The defendant also had in the calendar year 2002 approximately $1,500 in stock dividends. The court finds that the provision of Article 4.2 excluding bonuses, stock options, dividends and interest eliminates the $1,500 in stock dividends, the $39,245 from the exercise of stock options, and the $41,700 bonus in determining if the defendant has met the $25,000 threshold in excess of his current earnings/base salary. At the time of the divorce, the defendant's base salary was approximately $119,300. At the present time, his base salary is approximately $127,300. The court finds that the defendant has failed to earn in excess of $25,000 in excess of what he was earning at the time of dissolution and, therefore, his increased earnings cannot be considered as a basis for modification of alimony. The motion to modify alimony is therefore denied.
 SUPPORT MODIFICATION
Article 3 of the separation agreement deals with support. Article 3.1 of the separation agreement requires the defendant to pay to the plaintiff $1,300 per month support. In addition, he was ordered to pay to her, under the provisions of Article 3.4, 20 percent of the net amount he receives from his employer (gross amount less federal and state taxes with one exemption) as a result of any cash bonus payable above his base salary for any reason whatsoever. He paid to his wife the required 20 percent of the net amount that he received from his $41,700 bonus. The 20 percent amounted to approximately $5,000. The motion to modify support seeks as a prayer for relief that the support order be modified in this manner to conform to the child support guidelines. In determining whether the present order complies with the child support guidelines, the support provision of Article 3 does not exclude the consideration of stock options, dividends and interest.
The court finds that by including the $1,500 in stock dividends, $39,245 from the exercise of stock options and $41,700 bonus, that the defendant's average gross weekly income is approximately $4,005. The court finds that the combined net weekly income of both parties rounded to the nearest ten dollars is $3,030. The $3,030 exceeds the maximum net weekly combined income of $2,500 provided for in the guidelines. The guidelines provide that when the parents' combined net weekly income exceeds $2,500, child support awards shall be determined on a case-by-case basis, and the current support prescribed at the $25,00 net weekly income level shall be the minimum presumptive amount. The court finds that the basic child support obligation should be increased from CT Page 2515 $383 weekly to $440 weekly, and that the defendant's share of $440 weekly based on 85 percent of the total combined net income amounts to $374 weekly. His present support order amounts to approximately $300 weekly or $1,300 per month. The court orders that the support obligation is increased from $1,300 monthly to $374 weekly effective the date this decision is filed.
The defendant is also ordered to continue to pay to the plaintiff 20 percent of the net amount he receives from his employer (gross amount less federal and state taxes with one exemption) as the result of any cash bonus payable above his base salary for any reason whatsoever.
The separation agreement also provides that in the event the visits to Dr. Sink terminate in accordance with the prior custody/visitation agreement of the parties and the order of the court, the parties shall then share childcare expenses as follows: The husband shall pay 65 percent and the wife shall pay 35 percent. The visits to Dr. Sink have terminated. The court finds that the husband is responsible for 65 percent of the childcare expenses incurred by the wife since the termination of visits with Dr. Sink. Those visits terminated in March 2002. Between March 2002 and the end of 2002, the total childcare costs incurred by the plaintiff was approximately $4,000. The 65 percent share of the defendant amounts to $2,600 which the court order he pay to the plaintiff by April 1, 2003. The court further finds that the plaintiff had not submitted those childcare costs to the defendant prior to the time of the hearing on this motion. The court further finds that the defendant is current in all of his court-ordered alimony and support payments.
Axelrod, J.T.R. CT Page 2516